[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13359
Non-Argument Calendar

_____

Agency No. 17-0819

EDWIN TAYLOR CORPORATON,

                                                              Petitioner,

versus

U.S. DEPARTMENT OF LABOR,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Occupational Safety and Health Review Commission

_____

(May 19, 2020)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

The employee of a subcontractor for Edwin Taylor Corporation fell to his

death at a residential construction site. After receiving notice of the accident, the Occupational Safety and Health Administration opened an investigation into the company, which had general supervisory authority over the worksite. Following the investigation, the Secretary of Labor cited Edwin Taylor for three willful violations of 29 C.F.R. § 1926.501(b)(13) and assessed a $126,749 penalty. Edwin Taylor contested the citation before the Occupational Safety and Health Review Commission, which affirmed the violation but reduced the penalty to $101,399.20.

On appeal, Edwin Taylor does not challenge the applicability of the fall protection standard. Nor does it challenge the Secretary's *prima facie* case against it. But it does contest the Commission's conclusion that it willfully violated the fall protection regulations. Specifically, Edwin Taylor asserts that there was insufficient evidence for the Commission's Administrative Law Judge to conclude that it violated the fall protection regulations. For the October 22, 2016 violation, Edwin Taylor argues that the ALJ did not apply the correct legal standard in concluding that a single act of climbing a ladder without fall protection constitutes a willful violation of OSHA regulations. For the two November 3, 2016 violations, Edwin Taylor makes the same contention and further challenges the ALJ's conclusion that it willfully violated the pertinent regulations by failing to ensure that its subcontractors installed fall protection at the worksite.

For the following reasons, we find no grounds for reversal and affirm the

2

Commission's decision.

## I

Edwin Taylor was retained to construct shells for five three-story condominiums.  Paul Barros and Bronson Ostrander were superintendents of the build site, and Jay Zimmerman managed them.  David Patton, one of the owners of Edwin Taylor, regularly received photographs and messages regarding the work at the construction site.  With this supervisory authority, the Edwin Taylor employees were responsible for enforcing safety protocols and correcting any potential health and safety violations at the worksite.  As part of the job, Edwin Taylor subcontracted Adelo & Fernanda Construction Inc. for block and framing work.  In turn, Adelo then subcontracted Francisco Sanchez Hernandez to assist with the framing.

During construction, workers built the condominium frames higher than six feet without guardrails.  On November 3, 2016, one of Mr. Hernandez's workers fell 22 feet through an unguarded opening and died.  Following the worker's death, OSHA opened an investigation.  After the incident, guardrails were installed in most areas of the worksite, but a compliance officer nevertheless found a lack of fall protection one week later.

After the investigation concluded, the Secretary of Labor cited Edwin Taylor for violating 29 C.F.R. § 1926.501(b)(13) on three occasions.  The Secretary concluded that on October 22, 2016, Edwin Taylor exposed employees to an 11-foot

fall hazard through an unguarded stairwell opening and open-sided floors.  Mr. Barros took photographs of the worksite progress that day.  The Secretary also concluded that on November 3, 2016, Edwin Taylor exposed employees to a 22-foot fall hazard on the third level through an unguarded stairwell and open side floors during floor decking—when the subcontractor's employee fell—and an 11-foot fall hazard on the second level.  Mr. Barros again took pictures of the worksite after the accident.  The Secretary then assessed a $126,749 penalty for the three instances of inadequate fall protection.  Edwin Taylor contested the citation to the Occupational Safety and Health Review Commission.  An ALJ affirmed the citation but reduced the penalty by 20% to $101,339.20.

## II

Commission decisions "are entitled to considerable deference on appellate review." *Fluor Daniel v. Occupation Safety & Health Rev. Comm'n*, 295 F.3d 1232, 1236 (11th Cir. 2002).  On review, we must uphold the Commission's findings "if they are supported by substantial evidence on the record considered as a whole." *ComTran Grp., Inc. v. U.S. Dep't of Labor*, 722 F.3d 1304, 1307 (11th Cir. 2013) (internal alterations and quotation marks omitted).  We have held that "[s]ubstantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *J.A.M. Builders, Inc. v. Herman,* 233 F.3d 1350, 1352 (11th Cir. 2000).  We will also uphold the

4

Commission's legal conclusions so long as they are not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with [the] law." *Fluor*, 295 F.3d at 1236 (quoting 5 U.S.C. § 706(2)(A)).

## III

Commission decisions "are bound to follow the law of the circuit to which the case would most likely be appealed." *ComTran*, 722 F.3d at 1307. Under the law of our circuit, the Commission's "finding of willfulness is a finding of fact," while "the Commission's definition or application of the term is a matter of law." *Fluor*, 295 F.3d at 1236 (citations omitted). We have held that a willful violation of an OSHA standard is shown by "an intentional disregard of, or plain indifference to, OSHA requirements." *Reich v. Trinity Indus., Inc.*, 16 F.3d 1149, 1152 (11th Cir. 1994) (quoting *Ga. Elec. Co. v. Marshall*, 595 F.2d 309, 317 (5th Cir. 1979)).

Edwin Taylor argues that the record lacks evidence of willfulness and foreseeability to support the ALJ's finding. To bolster its argument on willfulness, Edwin Taylor contends that an employer's familiarity with a standard does not prove willfulness. Nor does it show that an employer was aware of violative conduct. Because discussions show that it instructed Mr. Sanchez to install guardrails, Edwin Taylor contends that it could not have had awareness of the violative act when the subcontractor's worker died. In sum, Edwin Taylor maintains that its actions do not evince an intentional disregard or plain indifference necessary for a willful violation

and that the admissions made before the ALJ are better characterized as a lack of diligence.

In addition, Edwin Taylor asserts that the earlier conduct of a supervisor engaging in dangerous activity was not a violation because his impermissible conduct is not imputable to the employer. Mr. Barros' conduct was not foreseeable because Edwin Taylor hired him three days before the October 22, 2016, violation; the alleged conduct was on his day off; he was a probationary employee; his training was unrelated to that project on his off day; no one from Edwin Taylor instructed him to go to the jobsite; and no one at Edwin Taylor knew he unilaterally chose to visit the job site. Based on these factors, Edwin Taylor asserts that the ALJ should not have imputed Mr. Barros' conduct to it, and the ALJ's decision was not supported by the substantial evidence.

We disagree.

"[T]he definition of willful in this circuit is, in its simplest form, an intentional disregard of, or plain indifference to, OSHA requirements." *Fluor Daniel*, 295 F.3d at 1239 (internal quotation and citation omitted). To establish a willful violation,

> proof must be adduced either that (1) "[the] employer knew of an applicable standard or provision prohibiting the conduct or condition and consciously disregarded the standard," or (2) that, if the employer did not know of an applicable standard or provision's requirements, it exhibited such "reckless disregard for employee safety or the requirements of the law generally that one can infer that . . . the

6

employer would not have cared that the conduct or conditions violated [the standard]."

*J.A.M. Builders, Inc. v. Herman,* 233 F.3d 1350, 1355 (11th Cir. 2000) (quoting *Sec'y of Labor v. Williams Enters., Inc.,* 13 O.S.H. Cas. (BNA) 1249, 1257 (OSHRC 1987)).  In her order, the ALJ stated that "[a] willful violation is one 'committed with intentional, knowing or voluntary disregard for the requirement of the Act or with plain indifference to employee safety.'"  D.E. 36 at 16 (citation omitted).  Because the ALJ's definition of willful conduct aligns with our own, we uphold it here.

Having determined that the ALJ applied the proper legal standard, we next consider whether substantial evidence supports her conclusions.  After a thorough consideration of the record, and for all the reasons discussed in the ALJ's decision, we hold that substantial evidence supports the ALJ's classification of the violation here as willful.

According to the stipulated facts, Edwin Taylor "knew that OSHA requires that employees on a walking/working surface with an unprotected side or edge which is six feet or more above a lower level be protected from falling by the use of a guardrail systems, safety net systems, or personal fall arrest systems."  D.E. 16 at 9. Edwin Taylor admitted that it "had general supervisory authority" and "that OSHA's construction standards, 29 C.F.R. § 1926, *et seq.*, appl[ies] to its operations at the worksite."  *Id.* at 8–9.  Edwin Taylor further admitted that "[Mr.] Barros was capable

7

of identifying existing and predictable hazards at the worksite." *Id.* at 8. Edwin Taylor both "had the authority to correct safety and health violations on the worksite" and "had the authority to require [Mr.] Sanchez Hernandez and his workers to correct safety and health violations on the worksite." *Id.* at 9. Finally, Edwin Taylor admits that it "should have done more than it did to prevent and detect the fall protection violations on the worksite." *Id.* at 10.

For the October 22, 2016, determination of willfulness, testimony from Edwin Taylor employees bolsters the stipulated facts. For example, Mr. Barros—the supervisor of the worksite—knew that fall protection was needed for a build above six feet but did not require guardrails to be placed at the floor openings and edges of the decking. *See* Admin. R., C-22 at 1–2, 4. Nevertheless, he scaled to the second level of the worksite to take a photograph of the progress, where he "did not have any fall protection." *Id.* at 5. According to Mr. Zimmerman—Vice President of Edwin Taylor and Mr. Barros' supervisor—Mr. Barros was "supposed to tell them to put railing up if they refuse[d] he [was] suppose[d] to tell them to leave. He knows its OSHA rules." Admin. R., C-24 at 1. And Mr. Patton—one of Edwin Taylor's owners—said that he and Mr. Zimmerman "did notice the unprotected floor openings in the photos taken on 10-22-2016 and 10-28-2016." Admin. R., C-26 at 2.

With respect to the November 3, 2016, Edwin Taylor made two additional

8

stipulations. First, on October 28, 2016, "Mr. Barros knew that guardrails or other appropriate fall protection had not been installed on the sides and edges of the walking/working surfaces of the second level of the townhome unit under construction." D.E. 16 at 10. Second, on November 3, 2016, "employees of Francisco Sanchez Hernandez working on the third level of the townhome units were not protected from falling off the unprotected sides and edges of the walking/working surfaces by guardrails or other appropriate fall protection." *Id.* at 9–10

Given the quantum of evidence, the ALJ could reasonably conclude that Edwin Taylor willfully violated the fall protection regulations. In making her decision, the ALJ relied on testimony from Edwin Taylor employees showing that they knew of the fall protection regulations required for greater than six-foot fall risks, yet disregarded that risk at its worksite. Record evidence shows that Mr. Barros, Mr. Ostrander, Mr. Zimmerman, and Mr. Patton were aware of the risk posed by working at the condominium developments without fall protection. Those Edwin Taylor supervisors knew that workers would be working on second and third stories of the condominiums and that they would be exposed to floor openings. Notwithstanding this knowledge of the fall hazard and worker exposure above six feet on the second and third levels, Edwin Taylor supervisors did nothing to prevent an accidental fall beyond cursory discussions with Mr. Sanchez about the need for

9

fall protection. Edwin Taylor did not instruct anyone at the worksite to install guardrails. Nor did it supply guardrail equipment to the worksite crew—even though the needed equipment was at the job site.

In short, after a close review of the administrative record and the parties' briefs, we agree that substantial evidence supports the Commission's conclusion that Edwin Taylor committed three willful OSHA violations.[1]

## IV

Having found no grounds for reversal, we affirm the Commission's classification of Edwin Taylor's violation as willful, and we consequently affirm the resulting $101,399.20 penalty.

**AFFIRMED**.

---

[1] Edwin Taylor also argues that the ALJ abused its discretion by denying its request for a post-hearing deposition of Mack Darr about the installation of guardrails. We have reviewed the record and find that Edwin Taylor has failed show the requisite "positive showing of prejudice" needed to support a finding that the ALJ abused her discretion. *See Daylight Grocery Co. v. NLRB*, 678 F.2d 905, 910 (11th Cir. 1982). We therefore conclude that substantial evidence supports the ALJ's decision.